IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs October 8, 2013

**MICHAEL AARON POUNDS v. ROLAND COLSON, WARDEN**

**Appeal from the Circuit Court for Davidson County**
**No. 12C-2712      Joe Binkley, Judge**

_____

**No. M2012-02254-CCA-R3-HC - Filed November 12, 2013**

_____

The petitioner, Michael Aaron Pounds, appeals from the summary dismissal of his petition for writ of habeas corpus, which challenged his 1988 conviction of felony murder. In this appeal, the petitioner lists some 65 issues for appellate review. His chief complaint, however, appears to be that an inconsistency between the wording of the indictment and the plea agreement documents renders his conviction void. Discerning no error, we affirm the summary dismissal of the petition for writ of habeas corpus.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the Court, in which ROBERT W. WEDEMEYER and ROGER A. PAGE, JJ., joined.

Michael Aaron Pounds, Nashville, Tennessee, pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; Sophia S. Lee, Assistant Attorney General, for the appellee, State of Tennessee.

**OPINION**

The petitioner pleaded guilty in 1988 to a single charge of first degree felony murder, and the trial court imposed a sentence of life imprisonment. In 2003, the petitioner filed an unsuccessful petition for writ of habeas corpus, alleging deficiencies in the indictment, and this court affirmed the summary dismissal of that petition via Rule 20 of the Rules of the Court of Criminal Appeals. *See Michael A. Pounds v. Kevin Myers, Warden*, No. M2004-00731-CCA-R3-HC (Tenn. Crim. App., Nashville, July 28, 2005). In his petition, the petitioner acknowledged that he had filed another unsuccessful petition for writ of habeas corpus sometime before filing the petition at issue in this case on July 10, 2012.

In his petition, the petitioner claimed entitlement to habeas corpus relief on grounds that the negotiated plea agreement resulted in an amendment of the indictment and that the thus amended indictment failed to charge an offense, failed to provide him with notice of the charged offense, and circumvented his constitutional right to grand jury review of the charges. He also claimed entitlement to habeas corpus relief on grounds that the indictment, apparently in its unamended version, did not contain a statutory reference and was, therefore, deficient. The petitioner claimed further entitlement to relief on grounds that his guilty pleas were not knowingly and voluntarily entered, given the aforementioned illegal amendment of the indictment, and that he was deprived of the effective assistance of counsel, who either perpetrated the illegal amendment of the indictment or acquiesced in the action. The petition also includes a claim to habeas corpus relief on grounds that "the Class 'X' felonies Act/Statutes are unconstitutional in nature, for the act did not observe the fundamental principle of uniformity to which all persons and entities under like circumstances and conditions are treated alike," resulting in the petitioner's being deprived of due process and equal protection.

The State moved the habeas corpus court to summarily dismiss the petition based upon the petitioner's failure to state a cognizable ground for habeas corpus relief, and the habeas corpus court granted the motion on August 29, 2012. On September 26, 2012, the petitioner filed a motion pursuant to Tennessee Rule of Civil Procedure 59.04 asking the habeas corpus court to alter or amend its order of dismissal and to accept the petitioner's amended petition for writ of habeas corpus pursuant to Tennessee Rule of Civil Procedure 52.02. With this motion, the petitioner filed an amended petition for writ of habeas corpus, listing some 79 separate claims for relief. The petitioner also filed, on that same day, a notice of appeal to this court. On October 26, 2012, the petitioner moved the habeas corpus court to set a hearing on his motion to alter or amend and to hold his notice of appeal in abeyance pending a ruling on the motion to alter or amend. On December 7, 2012, four days after this court received the petitioner's notice of appeal, the habeas corpus court filed an order denying all of the petitioner's previously filed motions.

In support of his claims for relief, the petitioner included within the body of the petition itself various excerpts from the trial record and asked that the excerpts "be listed" as attachments. It appears as though the petitioner either scanned these documents and pasted portions of them into his petition or copied and pasted them the old-fashioned way utilizing a copy machine and scissors. The various excerpts are interspersed with the petitioner's own commentary. In any event, although the petitioner included these excerpts within the body of his petition for writ of habeas corpus, he did not append to his petition the entirety of any relevant document from the underlying proceeding. In a number of pleadings following the filing of the petition for writ of habeas corpus, particularly the response to the State's motion to dismiss, the petitioner referred to the "manifest copy" of various documents

that had been included as "attachments" to his petition. In addition to his reference to those "attachments," the petitioner again included, in the body of his pleading, items that appear to be copies of documents or portions of documents contained in the trial record. As best we can tell given the state of the record, the petitioner did not, at any point in the habeas corpus court proceedings, submit to the habeas corpus court the certified copy of any portion of the underlying trial record.

Following the filing of his notice of appeal, the petitioner filed a variety of pleadings in this court and appended to those pleadings documents that appear to be copies of portions of the trial record in his case. The documents, however, bear no file stamp and have been altered by the petitioner's highlighting them with a marker and underlining various portions. The petitioner moved this court to consider several items included as an appendix to his brief on grounds that he had filed those same items as an appendix to his petition for writ of habeas corpus. The State opposed the motion, noting that the items had not been certified by the trial court. Again, the petitioner's "appendix" to that motion consisted of only portions of those documents he deemed relevant and was interspersed with the petitioner's own commentary. The appendix to the petitioner's brief, however, does contain file-stamped copies of many of the relevant documents from the underlying trial court record, including the judgment of conviction and the negotiated plea agreement document that form the basis of the petitioner's primary claim. Unfortunately for the petitioner, however, nothing in the record suggests that any of these documents were filed in the habeas corpus court or exhibited to his petition for writ of habeas corpus. Additionally, none of those documents has been certified by the habeas corpus court as having been part of the habeas corpus proceeding. Because those documents were not filed in the habeas corpus court and not considered by that court in rendering its decision, they may not be considered by this court for any purpose.

We now consider the petitioner's claims in light of only that evidence presented to the habeas corpus court. As indicated, although the petitioner lists 65 separate issues for review, his complaint appears to be that an inconsistency between the wording used in the indictment and the wording used in his negotiated plea agreement renders his judgment void. The petitioner was charged with first degree felony murder in the perpetration of a robbery. He contends that the negotiated plea agreement lists the conviction offense as murder in the perpetration of "R.W.D.W.," which, he surmises, stands for "robbery with a deadly weapon." The petitioner's guess rings true, particularly because he was apparently also charged with robbery with a deadly weapon for his acts committed against the same victim. The petitioner claims that the use of "R.W.D.W." on the negotiated plea agreement forms constituted an amendment of the indictment to which he did not consent. As such, he claims that the amended indictment is void. He also claims that the amendment of the indictment renders his guilty plea unknowing and involuntary and that his counsel's action in placing the

abbreviation "R.W.D.W." into the plea documents equated to ineffective assistance of counsel.

"The determination of whether habeas corpus relief should be granted is a question of law." *Faulkner v. State*, 226 S.W.3d 358, 361 (Tenn. 2007) (citing *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000)). Our review of the habeas corpus court's decision is, therefore, "de novo with no presumption of correctness afforded to the [habeas corpus] court." *Id.* (citing *Killingsworth v. Ted Russell Ford, Inc.*, 205 S.W.3d 406, 408 (Tenn. 2006)).

The writ of habeas corpus is constitutionally guaranteed, *see* U.S. Const. art. 1, § 9, cl. 2; Tenn. Const. art. I, § 15, but has been regulated by statute for more than a century, *see Ussery v. Avery*, 432 S.W.2d 656, 657 (Tenn. 1968). Tennessee Code Annotated section 29-21-101 provides that "[a]ny person imprisoned or restrained of liberty, under any pretense whatsoever, except in cases specified in § 29-21-102, may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment and restraint." T.C.A. § 29-21-101 (2006). Despite the broad wording of the statute, a writ of habeas corpus may be granted only when the petitioner has established a lack of jurisdiction for the order of confinement or that he is otherwise entitled to immediate release because of the expiration of his sentence. *See Ussery*, 432 S.W.2d at 658; *State v. Galloway*, 45 Tenn. (5 Cold.) 326 (1868). The purpose of the state habeas corpus petition is to contest a void, not merely a voidable, judgment. *State ex rel. Newsom v. Henderson*, 424 S.W.2d 186, 189 (Tenn. 1968). A void conviction is one which strikes at the jurisdictional integrity of the trial court. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993); *see State ex rel. Anglin v. Mitchell*, 575 S.W.2d 284, 287 (Tenn. 1979); *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

In addition to the various procedural requirements for the prosecution of a petition for writ of habeas corpus contained in the Code, *see generally* T.C.A. §§ 29-21-105 to -112, our supreme court has held that "[t]he petitioner bears the burden of providing an adequate record for summary review of the habeas corpus petition." *Summers v. State*, 212 S.W.3d 251, 261 (Tenn. 2007). "[A]n adequate record for summary review must include pertinent documents to support those factual assertions" contained in the petition. *Id.* When a petitioner fails to attach to his petition sufficient documentation supporting his claims, the habeas corpus court may summarily dismiss the petition. *Id.*

Here, the petitioner failed to comply with the requirements of Code section 29-21-107 by failing to attach to his petition a copy of the judgment for the challenged conviction or to account for its absence. *See* T.C.A. § 29-21-107(b)(2) ("The cause or pretense of such restraint according to the best information of the applicant, and if it be by virtue of any legal process, a copy thereof shall be annexed, or a satisfactory reason given for

its absence."). The petitioner included portions of the trial record, including the judgment, in the body of his petition for writ of habeas corpus. As we have explained, however, this action did not satisfy the statutory requirements. Accordingly, the summary dismissal of his petition for writ of habeas corpus would have been appropriate on this basis alone.

Although the petitioner has asked this court to take judicial notice of the required items which are now attached as an appendix to his appellate brief, we may not do so. We may take judicial notice of our own records, *see State v. Lawson*, 291 S.W.3d 864, 869 (Tenn. 2009), but we are not free to take judicial notice of the records of another court in a different proceeding, *see id.* at 870.

Additionally, the petitioner's claim of ineffective assistance of counsel, even if true, would render his judgment voidable rather than void; therefore, such an allegation is not a cognizable claim for habeas corpus relief. *See Passarella*, 891 S.W.2d at 627. Similarly, neither the petitioner's claim that his guilty plea was unknowing and involuntary nor any other claim relative to the taking of the guilty plea, including the trial court's failure to follow the mandates of Tennessee Rule of Criminal Procedure 11, is a cognizable ground for habeas corpus relief. *See Archer*, 851 S.W.2d at 163.

Finally, even if the petitioner is correct that his indictment charged first degree felony murder in the perpetration of a robbery while the plea agreement documents and the judgment reflected a conviction offense of first degree felony murder in the perpetration of robbery with a deadly weapon, the inconsistency would not render the petitioner's judgment void. *See State v. Raymond Lee Swett, Jr.*, No. M2011-00439-CCA-R3-CD, slip op. at 20 (Tenn. Crim. App., Nashville, Jan. 4, 2013) (finding no constructive amendment of indictment where indictment charged murder in the perpetration of a burglary but proof showed murder in the perpetration of aggravated burglary). The remainder of the petitioner's claims relative to the validity of the indictment lack merit.

Thus, because the petitioner failed to comply with the statutory requirements for filing a petition for writ of habeas corpus and because he failed to state a cognizable ground for relief, summary dismissal of the petition was appropriate. Accordingly, the judgment of the habeas corpus court is affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE